**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| TERESA ALSTON, | : | |
| | : | Civil Action No. 09-4273 (PGS) |
| Plaintiff, | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| LOCAL 734 PENSION FUND, | : | |
| Defendant. | : | |

**SALAS, United States Magistrate Judge**

Before this Court is Plaintiff Teresa Alston's ("Plaintiff") motion to remand. [Motion to Remand," Docket Entry No. 17].  Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Peter G. Sheridan, United States District Judge, has referred the motion to the undersigned for report and recommendation.  For the reasons set forth below, the undersigned recommends denying the motion to remand.

**I. BACKGROUND**

On August 3, 2009, Plaintiff filed a complaint in the Superior Court of New Jersey against Local 734 Pension Fund (the "Fund" or "Defendant").  ["Notice of Removal," Docket Entry No. 1]. Plaintiff is a citizen of New Jersey and Defendant maintains its principal place of business in New Jersey.  [Docket Entry No. 1].  Plaintiff's complaint alleges that she is entitled to immediate distribution of her portion of pension benefits held by the Fund pursuant to the terms of the Qualified Domestic Relations Order under the Internal Revenue Code (the "Code") and the Employee

Retirement Income Security Act of 1974 ("ERISA"). [Docket Entry No. 1, the "Complaint"].

On August 13, 2009, Plaintiff served the Summons and Complaint upon Defendant. Defendant filed a notice of removal on August 20, 2009. [Docket Entry No. 1]. On August 25, 2009, Defendant answered asserting that Plaintiff is not entitled to a distribution because Plaintiff's former spouse and a participant in the Fund's plan of benefits had not attained the "earliest retirement age" within the meaning provided in the Code. ["Answer and Separate Defense," Docket Entry No. 2; *see also* Letter from Gary A. Carlson, Esq. dated November 2, 2009, Docket Entry No. 5]. On February 16, 2010, Plaintiff filed the motion seeking to remand this matter to the Superior Court of New Jersey claiming (1) there is no diversity of parties; (2) the amount in controversy is less than $75,000; and (3) the removal was defective because the state court had no record of the removal petition. *See* Motion to Remand at 2. On February 24, 2010, the state court issued an Order to Vacate this matter and ordered that the Notice of Removal be entered nunc pro tunc as of August 24, 2009. *See* Affidavit of Gary A. Carlson in Support of Defendant's Opposition to Plaintiff's Motion to Remand ("Carlson Aff."), at ¶ 7, Exhibit E.

## II. DISCUSSION

### A. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States..." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Stated differently, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff

could have filed it here in the first instance.  Thus, actions that could have been brought in federal court on diversity of citizenship grounds (pursuant to 28 U.S.C. § 1332) and those that raise federal questions (pursuant to 28 U.S.C. § 1331) are "removable." *Id*.

To effectuate removal, the defendant must, amongst other things, file a notice of removal and "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  The defendant must file this notice of removal within thirty days of receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based..." 28 U.S.C. § 1446(b).  Generally, a defendant's time to remove is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by formal service."  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).  Thereafter, a party can move to remand the action to state court.  If the predicate of a motion to remand is a defect in a defendant's execution of the removal procedure, and not lack of subject matter jurisdiction, the moving party must file said motion within thirty days of the defendant's filing of the notice of removal.  28 U.S.C. § 1447(c).  Once the thirty-day notice period has expired, the right to remand a case due to a procedural defect is waived and a district court is statutorily limited in its power to remand the case.  28 U.S.C. §  1447(c); *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.,* 66 F.3d 46, 49 (3d Cir. 1995).

### B.    Analysis

Plaintiff seeks to remand this case to state court on the grounds that (1) this Court does not have subject matter jurisdiction because there is no diversity of citizenship and (2) the Notice of

Removal was not properly recorded by the state court.  *See* Motion to Remand at 3.   It is uncontested that Plaintiff's claim for distribution of pension benefits is regulated by the provisions of ERISA, constituting a federal question for subject matter jurisdiction purposes. Therefore, Defendant properly and timely removed the case as a matter of right, within thirty days of service of the Complaint.  *See* 28 U.S.C. § § 1441, 1446; *see also* Notice of Removal at ¶ 5 (a-c).

As to Plaintiff's second argument, Plaintiff alleges that "defense counsel failed to notice the Superior Court of New Jersey with the Removal."  Motion to Remand at 2.  In response, Defendant argues that Plaintiff received the Notice of Removal via certified mail on or before August 24, 2009, as demonstrated by Plaintiff's signature on the return receipt card.  *See* Carlson Aff. at ¶¶ 4 & 5, Exhibit C.  Defendant also stated that, on August 24, 2009, Mr. Carlson mailed the Notice of Removal to the Superior Court of New Jersey.  *Id.* at ¶ 6.  While the Superior Court failed to properly docket the Notice of Removal at that time, on February 24, 2010, the Superior Court issued an order which vacated judgment and ordered the Notice of Removal be entered nunc pro tunc ("February 24 Order").  *Id.* at ¶ 7.

Courts have held that a failure to file a copy of the notice of removal with the state court clerk is merely a procedural defect that does not defeat the federal court's jurisdiction.  *See Peterson v. BMI Refractories, Inc.* 938 F. Supp. 767, 771 (N.D. Ala. 1996), *aff'd in pertinent part*, 124 F.3d 1386, 1395 (11th Cir. 1997); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985); *see also Royal Indemnity Co. v. Admiral Insurance Co. Inc.*, Civil No. 07-2048, 2007 U.S. Dist. LEXIS 85991, at * 6 (D.N.J. Nov. 19, 2007) (finding that a defect in the removal procedure is not jurisdictional).  Here, as evidenced by Mr. Carlson's letter to the Superior Court and the February

24 Order, the Defendant did notify the Superior Court of the Notice of Removal, but the Superior Court failed to docket it.  Therefore, the Court finds that any possible defect in the removal process was procedural and the thirty-day time period to file a motion to remand applies.  *See* 28 U.S.C. § 1447(c)

As such, Plaintiff needed to file her Motion to Remand no later than September 24, 2009. *See* 28 U.S.C. § § 1447(c), 1446(b); *In re: FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. N.J. 2000) (finding that non-jurisdictional objections to removal may be waived if not raised within thirty days after filing the notice of removal).   Here, Defendant has demonstrated that Plaintiff was on notice of the Removal no later than August 24, 2009.  *See* Carlson Aff. at ¶ 5. Plaintiff, however, did not file her Motion to Remand until February 16, 2010, more than five months after the statutory deadline.  Therefore, Plaintiff's Motion to Remand is untimely and this Court recommends that the Motion to Remand be denied.

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **DENY** Plaintiff's motion to remand.  Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas

**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**